BALLARD v. MACKINAC ISLAND HOTEL CO.

1. CHATTEL MORTGAGES—TITLE-RETAINING CONTRACT—CONDITIONAL SALES CONTRACT—RECORDING.

If, under sales contract, vendor may retake property and also hold vendee to pay for same, then it is a conditional sale in nature of chattel mortgage, and must be recorded in order to foreclose subsequent creditors.

2. SAME—UNRECORDED CHATTEL MORTGAGE VOID AS TO SUBSEQUENT CREDITORS.

Where sprinkler system was sold to hotel company under title-retaining contract providing that obligation to pay remained even if sprinkler was reclaimed by vendor, chattel mortgage was created, and, not having been recorded, was void as to subsequent creditors of hotel, and, therefore, vendor was not entitled to reclaim said sprinkler after hotel had passed into hands of receiver.

Appeal from Mackinac; Sprague (Victor D.), J. Submitted June 21, 1933. (Docket No. 70, Calendar No. 37,106.) Decided October 2, 1933.

Receivership proceedings by Olive Ballard against Mackinac Island Hotel Company, a corporation. On petition of United States Construction Company, Inc., a New York corporation, intervener, for payment of balance due under agreement as to a sprinkler system or for reclamation. Ward MacArthur and another, doing business as Cheboygan Lumber Company, objected. From order denying petition, intervener appeals. Affirmed.

Leibrand & Leibrand (Edgar W. Shaw, of counsel), for intervener.

*Brown & Metz,* for receiver.

*Warner, Norcross & Judd, Joseph Shulsky* and *James F. Shepherd,* for certain creditors.

WIEST, J.   The United States Construction Company, Inc., installed a sprinkler system in the Grand Hotel on Mackinac Island, under a conditional sales contract, termed a lease, and under which the lessees or vendees were to pay $13,000 annually for seven years, and make an eighth payment of $10,000, and thereafter own the equipment upon payment of an additional $3,000.   In case of default by the vendees the vendor retained the right to retake the sprinkler system without releasing the vendees from making the annual payments.   The contract provided:

"The liability of the lessees hereunder shall not cease because of any default by the lessees hereunder of (or) the exercise by the lessor of any of its rights as a consequence of such default, including the removal of the system from the premises, or because of any damage to the system or premises not caused by the fault of the lessor."

The contract also provided that:

"The system and all materials shall remain the property of the lessor, and the lessor may at any time enter any and all parts of said premises to inspect and examine said system, and the lessor has the right to turn off the water in case of any default continued for 10 days after written notice of such default given by the lessor to the lessees, and/or remove the system, whether or not affixed to the realty in case of any continued default for 60 days after said written notice of such default given by the lessor to the lessees."

The Mackinac Island Hotel Company, owner of the hotel, went into the hands of a receiver, and the

construction company demanded possession of the sprinkler system under the terms of the contract, and, upon refusal of delivery by the receiver, the construction company petitioned the circuit court for direction to the receiver to permit such retaking.

The circuit judge found the contract or lease a conditional sale in the nature of a chattel mortgage, and, not having been recorded, was void as to subsequent creditors of the hotel company.

Upon appeal, the question is whether the contract was a pure conditional sale or one in the nature of a chattel mortgage.

In *Burroughs Adding Machine Co.* v. *Wieselberg,* 230 Mich. 15, we pointed out the distinction between a pure conditional sale contract and one in the nature of a chattel mortgage. If, under the contract, a vendor may retake the property and also hold the vendee to pay for the same, then it is a conditional sale in the nature of a chattel mortgage, and must be recorded in the proper office in order to foreclose subsequent creditors.

The full purchase price, in order to pass title, was fixed at $104,000, and, under the contract, $101,000 of this was to be paid even if the sprinkler system was reclaimed by the vendor. The obligation to pay remained although the security was captured.

Petitioner cites *In re Petition of Hume,* 260 Mich. 555, and directs our attention to a statement there made that:

"Until it (the contract) was performed title could not and did not pass to defendant; and if defendant did not have title, it could not give a chattel mortgage."

This but stated an abstract principle of law, applicable, however, to the facts in that case, but not at

all contrary to our many other holdings that, where the contract retains title in the vendor and stipulates right to repossess the chattel sold and still hold the vendee to make full payment, the right to take, fastened to the chattel, is intended as security for the obligation of the vendee to make payment in full, and, in the eye of the law, is security, so far in the nature of a chattel mortgage as to require recording in the proper office and thus provide notice to subsequent creditors of the vendee. In the *Hume Case* the contract did not permit the vendor to retake the property and still hold the vendee to pay the contract price.

The order in the circuit court is affirmed, with costs to appellees.

McDONALD, C. J., and POTTER, SHARPE, NORTH, FEAD, and BUTZEL, JJ., concurred. CLARK, J., took no part in this decision.