## VANDER LEI v. BLAKELY.

### In re TREAT.

(Circuit Court of Appeals, Sixth Circuit. November 7, 1922.)

No. 3681.

1. **Chattel mortgages ⬅⟹6—Intent determines whether sale is conditional or absolute.**

Under the law of Michigan, the question of intent, as shown by the language of the instrument by which property is transferred, and perhaps with some aid from the circumstances, is the controlling consideration in determining whether there was a conditional sale or an absolute sale with reservation of a lien.

2. **Chattel mortgages ⬅⟹6—Contract evidencing absolute and not conditional sale.**

If the contract under which personal property was transferred with reservation of title is that the full debt must be paid even after reclamation, or if the parties have provided for a treatment of the instrument which the law contemplates only with reference to mortgage securities, the inference of intent to pass absolute title and reserve a lien is unavoidable.

3. **Bankruptcy ⬅⟹184(2)—Chattel mortgages ⬅⟹6—Contract reserving title to property transferred to bankrupt held void for want of record.**

A contract by which the goods and fixtures in a store were transferred to bankrupt *held* one of absolute sale, and reservation of title therein *held* by way of security and invalid, under the laws of Michigan, for want of record.

Petition to Revise an Order of, and Appeal from, the District Court of the United States for the Western District of Michigan; Clarence W. Sessions, Judge.

In the matter of Clark Treat, bankrupt; Frank V. Blakely, trustee. Appeal from and petition to revise order of District Court denying petition of Henry Vander Lei to reclaim property. Affirmed on petition to revise, and appeal dismissed.

Grant Sims, of Grand Rapids, Mich., for petitioner.

Glenwood C. Fuller, of Grand Rapids, Mich. (Wicks, Fuller & Starr, of Grand Rapids, Mich., on the brief), for respondent.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

PER CURIAM. This is a petition to revise the action of the bankruptcy court in deciding that a certain conveyance from Vander Lei to the bankrupt was, in legal effect, not a conditional sale, but an absolute transfer with a reservation of title by way of security, and was therefore, for lack of record, invalid against the trustee. All aspects of the question involved are most carefully and completely presented by counsel; but we have so frequently and so recently considered different phases of the question that a brief statement of our conclusions and the reasons for them must be accepted as sufficient.

[1, 2] In our opinion in the National Cash Register Co. Case, 283 Fed. 742, filed October 3, 1922, we reviewed the Michigan decisions and our own, bearing on this matter. From them it appears that the question of intent, as shown by the language used in the instrument

⬅⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

and perhaps with some aid from the circumstances, is the controlling consideration. If there is no agreement or necessary inference that the debt is to remain payable, even though the property may be reclaimed, then the reservation of title contained in the instrument may take full effect, in spite of the giving of a negotiable promissory note for the debt, and even though the instrument may speak of the title reservation as a "security" for the debt; while if the contract is that the full debt must be paid even after reclamation, or if the parties have provided for a treatment of the instrument which the law contemplates only with reference to mortgage securities, the inference of intent to pass an absolute title and reserve a lien is unavoidable. The presence of one particular feature may be controlling; its absence is not.

[3] In the present instrument we find three considerations, which by their joint effect compel the inference that it accomplished a passing of title, with security reserved, and even though there were no words of present conveyance.

The first is that the transfer was of the fixtures and the stock of merchandise. The unpaid purchase price of both constituted one unapportionable debt. The reservation of title is conceded to be ineffective as to the merchandise because this was intended for resale, and the statute now requires recording even an instrument of conditional sale under such circumstances. From such a situation the law cannot infer one intent as to the merchandise and another as to the fixtures. Since by the terms of the instrument the entire debt must be paid before title passes to either the merchandise or fixtures, it follows that the fixtures are pledged as security for the purchase price of the merchandise, and it is impossible to find in the instrument any reservation of title to the fixtures which will become ineffective when the purchase price of the fixtures is paid.

The second is that the contract provided that the bankrupt should maintain the stock of merchandise replenished sufficiently to compensate for sales to be made, and that all additions to the stock should be added to the security of the grantor, and, in case of default, be subject to the general repossession provided for. This not only operated to give the grantor, for the purchase price of the fixtures, security against additional merchandise to be purchased, but it contemplated that the grantee had such title to the body of property conveyed, that additional purchases by him would merge into the common unit. Such merger would obviously be at least doubtful if the grantee had only a contract for a title to the existing stock and fixtures.[1]

The third is that in case of default the grantor is to retake and sell for the best price obtainable, retaining out of the proceeds the amount due and rendering the surplus to the grantee. If there was really a conditional, or even a merely executory sale, the grantee would not take the surplus, but would be remitted to his action to recover his partial payments made, less proper deductions.

---

[1] In Ryan v. Wayson, 108 Mich. 519, 66 N. W. 370, the instrument did not purport to reach after-acquired property, and the opinion does not refer to its status, though some such property very likely was included in the repossession.

We must conclude that the District Court was right; and, upon the petition to revise, the action below is affirmed. The merits having been thus disposed of, the appeal is dismissed.