BRANCH BANKING AND TRUST COMPANY v. JOHN W. LEGGETT.

(Filed 28 February, 1923.)

**Bills and Notes—Negotiable Instruments—Mortgages—Goods Sold and Delivered—Vendor and Purchaser—Title Retained—Purchaser for Value—Equities.**

A note under the unconditional promise of the maker to pay a specific sum of money at a designated time is a negotiable promissory note, the negotiability of which is not affected because the title to goods sold and delivered for which it was given, is retained by its further terms until pay-

ment thereof shall have been made; or containing stipulations with reference to the disposition of the proceeds and their proper application to the obligor's unqualified promise to pay as contained in the first part of the instrument; and a purchaser for full value before maturity, without notice, is not bound by equities existing between the original parties.

APPEAL by defendant from *Daniels, J.,* at November Term, 1922, of WILSON.

Plaintiff sued as endorsee for value, and claiming to be holder in due course of a negotiable promissory note for $472.50, of date 1 August, 1921, made by defendant to E. P. Hyman & Company, or order, and payable on or before 1 December, 1921, with other provisions appearing on the face of the note. The note was put in evidence with proof on part of plaintiff that same had been sold and endorsed to plaintiff prior to said 1 December, 1921, for full value and without notice of any infirmities or defenses between the original parties other than such as was conveyed by the form or contents of the note.

Defendant answered alleging that said note was given on the purchase of certain machinery from the payee named therein, and sale of which was accompanied by certain guarantees and stipulations which had been broken by such payee to defendant's damage, said damage being set up in the answer on a counterclaim to the amount of $500, and on the trial requested the court to hold that the note was nonnegotiable, with a view and purpose of offering evidence as to the equities and counterclaim alleged to exist between the original parties, as set up in the answer.

The court ruled that the note in question was negotiable, and no further evidence being offered, there was verdict for plaintiff. Judgment on the verdict, and defendant excepted and appealed, assigning for error the ruling of the court as to the negotiability of the instrument.

*L. W. Leggett for defendant.*

HOKE, J. The note sued on is in form as follows:

"$472.50.

"Dated at Hobgood, N. C., 1 August, 1921.

"On or before 1 December, 1921, for value received, I promise to pay to E. P. Hyman & Company, or order, the sum of $472.50, with interest until paid at six per cent from date.

"This note is given for one Hebner & Sons peanut picker.

"I agree that the title thereto, and to all repairs and extra parts furnished, shall remain in said E. P. Hyman & Company until this and all other notes given for the purchase price shall have been paid in full with all interest. If I fail to pay this note, or if said property is misused, or seized for my debts, the holder of this note may seize and sell the same

at public or private sale, with or without notice; pay all expenses thereby incurred and apply the net proceeds upon this note and other notes given for the purchase price thereof, whether due or not due, and retain all payments before made as rent for the use of said property. I expressly agree to pay any balance on this note remaining unpaid after such property is sold, or if same is burned or otherwise damaged or destroyed after its delivery to me. 　　　　　"JOHN W. LEGGETT. [SEAL.]"

The former portion of this instrument, containing as it does a positive provision to pay a specific sum of money at a designated time, comes well within the definitions of a negotiable promissory note as accepted by approved precedents and the express provision of our statute on the subject. C. S., 2982, 2983, 2984. And in our opinion there is nothing in the last clause of the paper that in any way qualifies or impairs its negotiability. That does not impose upon the obligor the doing of "any act in addition to the payment of the money," but only retains the title to the goods sold as a security for the debt, being under our decisions in effect a chattel mortgage for the purpose, *Lancaster v. Ins. Co.,* 153 N. C., 285, and the stipulations relied upon are in reference to the disposition of the proceeds and their proper application to the obligors' unqualified promise to pay as contained in the first part of the note.

In 8th Corpus Juris, p. 119, the author, after giving several stipulations which would serve to render a note conditional, and therefore unnegotiable, closes with the statement: "On the other hand, although conditions are sometimes implied from the language of the paper, the negotiability of the instrument is favored by the courts, and it is held to be unconditional where the disputed clause is merely a reference to the consideration or its application, or to a fund for its payment." A statement that is in accord with the better considered decisions on the subject here and elsewhere. *Bank v. Hatcher,* 151 N. C., 359; *Bank v. Michael,* 96 N. C., 53; *Chicago R. R. Equipment Co. v. Merchants Bank,* 136 U. S., 268; *Banking Co. v. Gray,* 123 Ala., 258; *Bank v. Slaughter,* 98 Ala., 602; *Equity Insurance Co. v. Taylor,* 131 N. Y. Supp., 475; *Walker v. Wooten,* 54 Ind., 164; *Union Bank v. Spies,* 151 Iowa, 173; *Heard v. Dubuque,* 8 Neb., 10; *Choate v. Stevens,* 116 Mich., 28; 4 A. & E., pp. 88 and 89; 3 R. C. L., p. 917.

In this jurisdiction the question would seem to be put at rest by the terms of the Negotiable Instrument Act, C. S., 2986, which makes provision as follows: "An instrument which contains an order or promise to do any act in addition to the payment of money is not negotiable. But the negotiable character of an instrument otherwise negotiable is not affected by a provision which (1) authorizes the sale of collateral securities in case the instrument be not paid at maturity; or (2) author-

izes a confession of judgment if the instrument be not paid at maturity; or (3) waives the benefit of any law intended for the advantage or protection of obligor; or (4) gives the holder an election to require something to be done in lieu of payment of money, etc."

In *Bank v. Bynum*, 84 N. C., 25, to which we were cited by counsel for appellant, there were stipulations in the instrument which rendered same uncertain both as to the time and amount of payment. And *Kempton v. Studebaker Bros.*, 14 Idaho, 552, may be distinguished on the same ground, the instrument containing the stipulation that the payee had full power to *declare* the *note due* and take possession of the property before the time specified provided it deemed itself insecure. But not so here, the instrument, as stated, containing an unqualified promise to pay a designated sum at the time specified, and "carrying the personal credit of maker in support of the promise." 4 A. & E., p. 89.

There is no error, and the judgment in plaintiff's favor is affirmed.

No error.