FEDERAL COMMERCIAL & SAVINGS BANK v. INTERNATIONAL CLAY MACHINERY CO.

1. BILLS AND NOTES—NEGOTIABLE INSTRUMENTS LAW.

Under the negotiable instruments law (2 Comp. Laws 1915, § 6042), a trade acceptance in usual form is a negotiable instrument.[1]

2. CHATTEL MORTGAGES — CONDITIONAL SALES CONTRACTS GIVING NEGOTIABLE PROMISSORY NOTES NOT INCONSISTENT WITH CONDITIONAL SALE.

That a sales contract required the buyer to give negotiable promissory notes, or negotiable trade acceptances, for the deferred installments of the purchase price, or that they or either of them were in fact given, is not inconsistent with the retention of title in the seller pending payment, and does not of itself characterize the instrument as one for security in the nature of a chattel mortgage.[2]

[1]Bills and Notes, 8 C. J. § 61; [2]Chattel Mortgages, 11 C. J. § 18. On the question as to what amounts to a conditional sale, see note in 17 A. L. R. 1421 *et seq.*

3. SAME—BUYER'S ASSUMING DAMAGE BY FIRE, ETC., AND PAYMENT OF TAXES AND INSURANCE DOES NOT MAKE SALES CONTRACT A CHATTEL MORTGAGE.

A buyer may undertake to be responsible for the purchase price as against loss or damage occasioned by fire or other fortuitous circumstance or by his negligence, and he may be obliged to pay taxes on the property and to keep it insured for the benefit of the seller, and any or all of these features in and of themselves do not make an instrument, in other respects a conditional sale, one for security in the nature of a mortgage.[3]

4. SALES—CHATTEL MORTGAGES—REPLEVIN.

In replevin proceedings against the seller brought by the mortgagee of the buyer for the possession of a brick machine sold on a title-retaining contract which contained none of the elements of a chattel mortgage, under which defendant had retaken possession, *held*, that defendant's right to possession is superior to that of plaintiff.[4]

Error to St. Clair; Tappan (Harvey), J. Submitted October 21, 1924. (Docket No. 103.) Decided April 3, 1925.

Replevin by the Federal Commercial and Savings Bank against the International Clay Machinery Company and another for the possession of a brick machine. Judgment for plaintiff. Defendants bring error. Reversed, and judgment ordered entered for defendants.

*Phillips & Jenks,* for appellants.

*Walsh & Walsh,* for appellee.

CLARK, J. On March 21, 1922, defendant Schriner Brick Company ordered from defendant International Clay Machinery Company a brick machine, which was received in due course. The part of the order here material is:

"For which we agree to pay eleven hundred dollars

[3]Chattel Mortgages, 11 C. J. § 14 (1926 Anno); [4]Sales, 35 Cyc. pp. 680, 682, 689.

and freight from Dayton, Ohio, or factory where made as follows: Four hundred dollars from date of shipment against bill of lading. Three hundred and sixty dollars in 60 days from shipment. Three hundred and forty dollars in 90 days from shipment. Deferred payments to be evidenced by trade acceptances.

"It is agreed that all the above specified articles are to remain the property and subject to the order of the International Clay Machinery Co. until paid for in full, and that if promissory notes are given for said sum in payment thereof or thereon, it shall not divest the said International Clay Machine Co. of the title until all such promissory notes are paid in full, nor shall any payment on account and receipt therefor divest them of such title until all sums are fully paid; and in default of payment as above agreed, you or your agent may take possession of and remove said articles without legal process. It is further agreed that the purchaser shall be responsible for any damage or loss, by fire or otherwise, to said articles after shipment, and that this instrument evidences the whole contract under which said articles are received by the undersigned."

For the deferred payments, trade acceptances in usual form were taken. The paper, or a true copy thereof, was not filed as a conveyance intended to operate as a mortgage of goods and chattels under section 11988, 3 Comp. Laws 1915.

On October 21, 1922, the buyer, defendant brick company, gave to plaintiff bank a chattel mortgage covering the brick machine, which mortgage was duly filed. On August 1, 1923, the seller, the machinery company, took the machine from the buyer, the brick company, and loaded it for shipment. Plaintiff brought replevin. The facts were stipulated, the statement concluding:

"The foregoing statement of facts is submitted to Honorable Harvey Tappan, circuit judge, without a jury, for a decision and if it should be held that plaintiff's rights under its chattel mortgage were superior to those of defendant then a judgment shall

be rendered in favor of plaintiff for five hundred dollars without costs, and if the contrary is held the judgment shall be in favor of plaintiff in the sum of fifty dollars."

Plaintiff had judgment.    Defendants bring error.

In view of the stipulation of counsel, the only question for decision is, was the writing between the seller and the buyer one of conditional sale, valid as to plaintiff and all others though not filed, or was it a conveyance intended to operate as a chattel mortgage, void as to plaintiff because not filed.

A trade acceptance in usual form is a negotiable instrument.    2 Comp. Laws 1915, § 6042; Joyce on Defenses to Commercial Paper (2d Ed.), pp. 12, 1412; *American Trust Co.* v. *McDermott* (Mo. App.), 256 S. W. 105; *Merchants' Nat. Bank* v. *Santa Maria Sugar Co.*, 162 App. Div. 248 (147 N. Y. Supp. 498); *Branch Banking & Trust Co.* v. *Leggett*, 185 N. C. 65 (116 S. E. 1); 19 A. L. R. 506; *Metropolitan Discount Co.* v. *Wasson* (Mo. App.), 235 S. W. 465; *National Salt Co.* v. *Ingraham,* 143 Fed. 805; *International Finance Co.* v. *Northwestern Drug Co.,* 282 Fed. 920; *Franklin* v. *March,* 6 N. H. 364 (25 Am. Dec. 462).

Does the contract provision that the taking of promissory notes shall not divest the seller of title and the provision for trade acceptances and the taking thereof stamp the instrument as one for security in the nature of a chattel mortgage?    Unless this question can be answered affirmatively, the instrument must be held to constitute a conditional sale.    See *Burroughs Adding Machine Co.* v. *Wieselberg, ante,* 15.    See, also, *Nelson* v. *Viergiver, post,* 38.

That the agreement required the buyer to give negotiable promissory notes, or negotiable trade acceptances, for the deferred installments of the purchase price, or that they or either of them were in fact given, is not inconsistent with the retention of

title in the seller pending payment, and does not of itself characterize the instrument as one for security in the nature of a chattel mortgage.   See *Bailey* v. *Baker Ice Machine Co.,* 239 U. S. 268 (36 Sup. Ct. 50) ; 17 A. L. R. 1481, note; *Bennett* v. *Haines,* 225 Mich. 185; *Van Buren* v. *Stubbings,* 149 Mich. 206; *Bunday* v. *Columbus Machine Co.,* 143 Mich. 10 (5 L. R. A. [N. S.] 475) ; *Pettyplace* v. *Manufacturing Co.,* 103 Mich. 155; *Vander Lei* v. *Blakely,* 284 Fed. 516.

Language used in *National Cash Register Co.* v. *Paul,* 213 Mich. 609 (17 A. L. R. 1416), and in *Peter Schuttler Co.* v. *Gunther,* 222 Mich. 430, which follows the *Paul Case,* respecting the giving of such notes, may seem out of line with other decisions of this court and with the weight of authority.   But the court there gathered the *indicia* of mortgage, passed upon them collectively, and found a mortgage on the facts peculiar to the case.   The important fact in the *Paul Case* was the making of an accompanying chattel mortgage affidavit required by 3 Comp. Laws 1915, § 11988, and that case was correctly interpreted in *Re Nader,* 283 Fed. 742.

The contract provides that the buyer shall be responsible for any damage or loss by fire, or otherwise, to the machine after shipment.   A buyer may undertake to be responsible for the purchase price as against loss or damage occasioned by fire or other fortuitous circumstance or by his negligence, and he may be obliged to pay taxes on the property and to keep it insured for the benefit of the seller.   And all or any of these features in and of themselves do not make an instrument, in other respects a conditional sale, one for security in the nature of a mortgage.   And what has been said of the *Paul Case* as regards notes is applicable again as to these features, in and of themselves.   *Bailey* v. *Baker Ice Machine Co., supra;*

*Bryant* v. *Swofford Bros. Dry Goods Co.*, 214 U. S. 279 (29 Sup. Ct. 614).

The instrument before us is one of conditional sale. The defendant seller's right to possession is therefore superior to that of the plaintiff mortgagee.

Reversed, with costs to defendants, and with direction to enter judgment in accordance with the stipulation of counsel.

MCDONALD, C. J., and BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.