MILLS NOVELTY CO. *v*. MORETT.

1. SALES—CONDITIONAL SALE—DEFINITION—RETENTION OF TITLE.
   A conditional sale is an agreement for the sale of a chattel in which the vendee undertakes to pay the purchase price and gets possession immediately, but title is retained by the vendor until the purchase price is paid, when it passes to the vendee.

2. SAME—TITLE HELD AS SECURITY MERELY—CHATTEL MORTGAGES. .
   The right to reclaim, resell and recover the unpaid balance of the purchase price evidences retention of title by way of security only.

3. SAME—DISTINCTION BETWEEN CONDITIONAL SALE AND CHATTEL MORTGAGE.
   The distinction between a transaction involving a conditional sale and one involving a chattel mortgage lies in the rights and remedies of the vendor: In the former, the seller may retake the goods on default and rescind sale or sue for the price and elect to pass property to the buyer; in the latter, vendor has lien on property with right to reclaim, resell it and sue for deficiency.

4. CONTRACTS—INTENT—CONDITIONAL SALE—CHATTEL MORTGAGES.
   Intention of the parties as ascertained by the correct construction of the instrument determines whether the instrument made is a conditional sale contract or a chattel mortgage, where rights of third parties are not involved.

5. SAME—CONSTRUCTION—AMBIGUITY—INTENT.
   Ambiguities in a contract will be solved against the party relied upon to select the language used, where intent is not clear.

6. SAME—CONSTRUCTION—PURPOSEFUL AMBIGUITY.
   Doubts should be resolved against the vendor when there is a purposeful ambiguity adopted in the hope of construing the contract as a chattel mortgage or conditional sale contract as . may best serve his purpose.

7. SAME—CONSTRUCTION.
   Neither the .filing of instrument in office of city clerk, taking of a note, giving an unconditional promise to pay purchase price, agreeing to insure, retaining title, attaching affidavit of good

faith, presence of acceleration clause nor use of words "chattel mortgage" in renewal affidavit are controlling features one way or the other in determining whether instrument in question is a chattel mortgage or conditional sale contract.

8. Same—Retention of Payments—Conditional Sale—Intent.
    Instrument providing that payments made on purchase of chattel shall be retained in case of default to cover expense of taking possession and to recover usage, wear and tear is construed as conditional sale contract, where circumstances, including failure to file certificate of renewal until more than seven months after expiration of first year, indicate parties intended it as such a contract.

9. Election of Remedies—Conditional Sale Contract.
    Vendor who repossessed chattels sold under conditional sale contract exhausted his remedy and may not thereafter recover balance unpaid on original purchase price.

Appeal from Dickinson; Bell (Frank A.), J. Submitted February 7, 1934. (Docket No. 142, Calendar No. 37,610.) Decided April 3, 1934.

Assumpsit by Mills Novelty Company, an Illinois corporation, against Frank O. Morett and Vernon W. Marek, a copartnership doing business as M. & M. News Company, on contracts for the purchase of phonographs. Directed verdict and judgment for defendants. Plaintiff appeals. Affirmed.

*Symonds & Rahm,* for plaintiff.

*Raymond Turner,* for defendants.

Edward M. Sharpe, J. The facts in this case are not in dispute. It seems that the defendants purchased from plaintiff eight automatic phonographs on five separate contracts during July and August, 1930. In 1932, defendants defaulted in their payments, the machines were repossessed, and in No-

vember, 1932, were sold in the manner provided for the sale of property under a chattel mortgage. After the deduction of payments made by defendants and of the price bid at the sale, there was a balance of $2,775 unpaid upon the original purchase price. In January, 1933, plaintiff brought suit for this amount under its contracts. The following is a copy of one of the contracts, the others being identical except as to dates and amounts:

"Dated July 25, 1930.

"Town, Iron Mountain; county, Dickinson; State, Mich.

"To Mills Novelty Company, a corporation, Chicago.

"Please ship us the following articles as soon as convenient. (Here follows description of goods.)

"For which we agree to pay $2,028 f. o. b. Chicago, and we further agree to all the following conditions:

"Terms: $225 with this order; $225. Balance $1,803 payable in 17 consecutive monthly instalments of $102 and one final instalment of $69 as evidenced by note of this date.

"First payment due 30 days after date instrument is installed.

"Ship via ........ to your order, notify us. We agree at any time to execute, make and deliver mortgage or such other papers, acknowledgments or affidavits as you may request. We assume all risk of fire. We will insure at our expense with loss payable to the Mills Novelty Company as their interest appears and send them the policy. On failure to so insure said property and send the policy to the Mills Novelty Company, at their option they may obtain insurance on said instruments and hold the premiums paid as a lien upon said property. We will pay all taxes and license fees for operating the above property.    *    *    *

"This order cannot be countermanded. It covers the entire agreement between us. It is subject to your written approval. No installation or electric wiring included. If we default, you may repossess and retain all money paid by us, or may pursue any other remedy which law or equity may permit. You are to retain the title to the above property until purchase price, or any notes or renewals for same, shall be paid in full, and said note or the instalments thereof, or any renewal of said note in whole or in part, shall not be considered as any payment under this agreement until the same shall have been actually paid in money. The property covered by this contract cannot be transferred to any other party or moved to another location without the written consent of the Mills Novelty Company until the said note is paid in full.

"Upon default in payment of any one payment, all payments become due and payable, and said Mills Novelty Company, or its agents, shall have full right and power, at its option, to enter upon the premises, or wherever said above-mentioned property may be found, without process of law, and take and remove said property; and any payments theretofore received said Mills Novelty Company shall be entitled to retain to cover expense of taking possession of the above-described property and to recover usage and wear and tear on same, and the remedies of the said Mills Novelty Company shall be cumulative and not alternative.

"It is agreed that upon refusal of undersigned to accept said property when tendered, or to make any cash payment above provided for, or to execute or deliver the note above provided for or such other papers, acknowledgments or affidavits as may be requested, when presented for execution, or the breach of any or all of the provisions of this contract or the loss or destruction of the property, the purchase price of said property less any actual cash

payment thereon shall at once become due and payable. * * *

"This order subject to the written acceptance of the Mills Novelty Company. * * *

"Name,   M. & M. NEWS COMPANY.

"By      V. W. MAREK,

"Title,   Manager

"Accepted 8/12/30

"MILLS NOVELTY COMPANY

"By D. W. DONOHUE, Attorney in fact."

"State of Michigan

"County of Dickinson—ss:

"V. W. Marek, manager, being duly sworn deposes and says that he is one of the purchasers named in the attached instrument, that he has knowledge of the facts and that the consideration of said instrument was actual and adequate and that the same was given in good faith for the purposes therein set forth.

"V. W. MAREK, Manager."

"(Notary's subscription)"

Certain notes were given for the deferred payments, all being similar to the following:

"$1,803                      "Iron Mountain, Mich.
                             "July 25, 1930.

"The undersigned for value received hereby promises to pay to the order of Mills Novelty Company, payable at .......... bank .......... $1,803, payable in 17 instalments of $102 each and 1 final instalment of $69; first instalment due .......... 19.. and subsequent instalments on the same date of each consecutive month thereafter; with exchange and collection charges; with interest at 6 per cent. per annum; after maturity and an attorney fee of 15 per cent. if placed with an attorney for collection. Failure to pay any instalment when due shall at

option of payee mature all succeeding instalments on this note.

"Print name of customer plainly on line below:
"M. & M. News Company. ............ street
"City, Iron Mountain. State, Michigan.
                    "Sign here:   M. & M. News Co.
                        "By V. W. Marek,
                        "Title, Manager."

The trial judge, on motions for directed verdict, held that the contract for the automatic phonographs was a title-retaining contract and, since plaintiff had repossessed and sold the property, it had made an election and thereby exhausted its remedies. Plaintiff appealed, asserting that the contract was in effect a chattel mortgage, that plaintiff had a right to take the property, sell it for what it would bring, credit the amount upon the total indebtedness, and sue upon the contract for the balance due.

The sole question for decision is whether the instrument in question is a chattel mortgage or a conditional sale. A conditional sale is an agreement for the sale of a chattel in which the vendee undertakes to pay the price, and possession of the chattel is immediately given to the vendee, but the title to the same is retained by the vendor until the purchase price is paid, when it passes to the vendee. *Young* v. *Phillips,* 203 Mich. 566. But if the contract of the parties imports that title is retained as security merely and the vendor is given the right to reclaim and resell the property, the taking and holding additional security and the enforcement of statutory liens are not inconsistent with the reservation. The right to resell and recover any balance of the purchase price which may be unpaid evidences a retention of title by way of security only. *Atkinson* v. *Japink,* 186 Mich. 335.

This court has consistently followed the rule laid down in the *Atkinson Case, supra,* that the distinction between the two types of transaction lies in the rights and remedies of the vendor; in the conditional sale, the seller may retake the goods on default and rescind the sale or may sue for the price and elect to pass the property to the buyer; in the chattel mortgage, the vendor has a lien on the property with the right to reclaim and resell the *res* and sue for a deficiency. *Burroughs Adding Machine Co.* v. *Wieselberg,* 230 Mich. 15.

The instant instrument has some aspects of a chattel mortgage and some of a conditional sales contract. The determination of the nature of the transaction (at least where rights of third persons are not involved) depends upon the intention of the parties making the contract under consideration, as ascertained by the correct construction of its terms. If the intent is not clear, ambiguities will be solved against the party who was relied upon to, and who did, select the language of the contract. *Smith* v. *Carukin,* 170 C. C. A. (6th) 51 (259 Fed. 51); *In re Goorman,* 283 Fed. (E. D. Mich.) 119; *In re Petition of Hume,* 260 Mich. 555; *Patterson* v. *Miller,* 249 Mich. 89. Doubts should be resolved against the vendor when there is a purposeful ambiguity adopted in the hope of construing the contract later as a chattel mortgage or a conditional sale as may best serve the vendor's purpose. *In re Thomas-Daggett Co.* (C. C. A. [6th]), 23 Fed. (2d) 609, affirming 20 Fed. (2d) 410.

The filing of the instrument in the office of the city clerk is not binding upon the defendants, as it was an act accomplished after the contract was made. See, *In re Petition of Hume, supra.* The taking of a note is not inconsistent with a conditional sales

contract. *Federal Commercial & Savings Bank* v. *International Clay Machine Co.*, 230 Mich. 33 (43 A. L. R. 1245) ; *Contractors Equipment Co.* v. *Reasner,* 242 Mich. 589. Neither is an unconditional promise to pay the purchase price. *Burroughs Adding Machine Co.* v. *Wieselberg, supra; Nelson* v. *Viergiver,* 230 Mich. 38. The agreement on the part of defendants to insure with loss payable to plaintiff, while an indication of a chattel mortgage, is not controlling. *Federal Commercial & Savings Bank* v. *International Clay Machine Co., supra.* While a statement of retention of title by the vendor until the purchase price is paid has often been construed as a retention of a lien only, it is found frequently in both types of instrument and is at least equally susceptible of construction as a retention of absolute title. See, for example, *Galion Iron Works & Manfg. Co.* v. *Service Coal Co.,* 264 Mich. 298. The attached affidavit of good faith does not necessarily characterize the instrument as a chattel mortgage. *Contractors Equipment Co.* v. *Reasner, supra.* The acceleration clause in the instrument in question is not a controlling feature one way or the other. *Galion Iron Works & Manfg. Co.* v. *Service Coal Co., supra.*

Plaintiff asserts that the instrument is a chattel mortgage, yet it is not in the form nor does it use terms that are ordinarily found in a chattel mortgage. The use of the words "chattel mortgage" in the renewal affidavit could not make the instrument a chattel mortgage. The framer of the instrument seems studiously to have avoided using the term "security" or any similar expression. The contract in the instant case is certainly not explicit as to the remedies available to the vendor. It is worthy of notice that it is nowhere specifically provided that

the vendor, after reclaiming the phonographs, may have an action for the deficiency in the purchase price. The reference to "any other remedy which law or equity may permit" and the provision that "remedies * * * shall be cumulative and not alternative" are more than overbalanced by the explicit provision that in case of repossession payments shall be retained "to cover expense of taking possession" and "to recover usage and wear and tear on same." Such application of payments would not be permissible in the case of a chattel mortgage. It is readily apparent from the record and the surrounding circumstances that the defendants never considered the instrument as a chattel mortgage. In addition, the failure of plaintiff to file a certificate of renewal until more than seven months after the expiration of the yearly period is a circumstance to be considered in determining to which class this instrument belongs.

We think that when this contract was made, it was the intent of the parties to consider it as a conditional sales contract, and the plaintiff having elected to repossess the property, it has exhausted its remedy.

Judgment affirmed, with costs to defendant.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, WIEST, BUTZEL, and BUSHNELL, JJ., concurred.