### In re LAKE'S LAUNDRY, Inc.

District Court, S. D. New York.
March 26, 1935.

Dills, Muecke & Schelker, of New York City (Eliot E. Berkwit, and Moses Golden, both of New York City, of counsel), for petitioner Commercial Credit Corporation.

Lipton & Nachby, of New York City (Samuel R. Nachby, of New York City, of counsel), for petitioner Samuel G. Braun.

Harold C. Mendelson, of New York City, for petitioner American Laundry Mach. Co.

Archibald Palmer, of New York City (Samuel Masia, of New York City, of counsel), for debtor.

PATTERSON, District Judge.

The debtor, a New York corporation, filed a petition for reorganization under section 77B of the Bankruptcy Act (11 US CA § 207). The petition was approved by the court and jurisdiction taken. Several parties then made motions to reclaim property in the debtor's possession. In each case it was shown that the moving party had delivered property (in two cases pieces of machinery, in the third an automobile) to the debtor on conditional sale; that the contract or copy thereof had been duly filed as required by New York law; and that the debtor had defaulted in meeting the agreed payments. These facts are undisputed. The sellers insist that they are entitled to retake the articles in accordance with the laws of New York relative to conditional sales. The debtor insists that the rights of the sellers are subordinated to the rights of the debtor and creditors under section 77B.

The Uniform Conditional Sales Act has been in force in New York since 1922. Personal Property Law (Consol. Laws N. Y. c. 41) §§ 60–80. In general outline it provides that a conditional sale is made when possession is delivered to the buyer and property is to vest in him at a future time on payment of the price or performance of some other condition; that title in such cases remains in the seller; that the contract or copy of it be filed in the office of a designated local official; that on default by the buyer the seller may retake possession; that the buyer may redeem on certain conditions; that in certain cases the seller on retaking must have a resale, paying any surplus over to the buyer.

Under such a statute there can be no doubt that what the seller retains is title, not a mere lien or claim, and that while the relationship between the parties is in many respects similar to that under a chattel mortgage, there is a difference between conditional sale and chattel mortgage which cannot be ignored by the courts. Bailey v. Baker Ice Machine Co., 239 U. S. 268, 271, 36 S. Ct. 50, 60 L. Ed. 275; In re Fitzhugh Hall Amusement Co., 230 F. 811, 813 (C. C. A. 2); In re Master Knitting Corporation, 7 F.(2d) 11 (C. C. A. 2); Quinn v. Bancroft-Jones Corporation, 18 F.(2d) 727 (C. C. A. 2). In the Master Knitting Case, supra, Judge Hough said: "This transaction was a conditional sale, which never raises a question of lien, but one of title." The question is whether there is anything in section 77B that purports to subject the title of a seller in conditional sale to a proceeding for reorganization filed by or against the buyer.

I am of opinion that Congress did not intend the act to have any such operation. Over and over again in the statute it is provided that the property to be dealt with in reorganization is "the property of the debtor." It is quite true that the rights of secured creditors and also of holders of liens and claims against the debtor's property may be dealt with on reorganization, but nowhere is it enacted that the owner of property which happens to be in the debtor's possession shall have his title disturbed or dealt with in any fashion. The definition of "creditors" and "claims" in section 77B, subsection (b), 11 USCA § 207 (b), does not aid the debtor. "The term 'creditors' shall include * * * all holders of claims of whatever character against the debtor or its property, including claims under executory contracts, whether or not such claims would otherwise constitute provable claims under this title. The term 'claims' includes debts, securities, other than stock, liens, or other interests of whatever character." These words, broad as they are, would not cover the case of property owned by a stranger and held by a debtor in reorganization as mere bailee, and I deem it equally clear that they do not cover a case of conditional sale. It is significant that the provision relative to stays (subsection c), 11 USCA § 207 (c), permits the stay of suits "to enforce any lien upon the estate."

In support of this construction of the corporate reorganization act, it is noteworthy that Congress in enacting the agricultural composition act, known as section 75 (Act of March 3, 1933, amended on

June 7, 1934, 11 USCA § 203), provided explicitly that proceedings under conditional sale agreements should be among the proceedings that might be stayed. This provision is in marked contrast to the provision in section 77B in regard to stays of suits, which, as already noted, refers to suits "to enforce any lien."

It has been held by the District Court of the Southern District of California that the seller in a conditional sale agreement may be enjoined from retaking his property where the buyer is in process of reorganization under section 77B, 11 USCA § 207. In re White Truck & Transfer Co., unreported, decided September 4, 1934.[1] On the other hand, Judge Knox of this District appears to have granted the seller in a conditional sale the relief sought here. In re Port Morris Laundry, Inc., order signed February 28, 1935; no opinion written. For the reasons already given, I am satisfied that the conclusion reached by Judge Knox is the correct one.

The motions will be granted. The orders will provide that unless the defaults in payment are made good, the sellers may recover possession of the chattels owned by them.

---

[1] No opinion for publication filed.