In re VOIGHT–PROS'T BREWING CO.
MICHAEL YUNDT CO. v. NATIONAL
BANK OF DETROIT et al.

No. 8290.

Circuit Court of Appeals, Sixth Circuit.

Nov. 15, 1940.

Malcolm K. Whyte and Herman E. Friedrich, both of Milwaukee, Wis. (Lecher, Michael, Whyte & Spohn, of Milwaukee, Wis., on the brief), for appellant.

Henry H. Sills, of Detroit, Mich. (Butzel, Levin & Winston and Anderson, Wilcox, Lacy & Lawson, all of Detroit, Mich., on the brief), for appellees.

Before HICKS, HAMILTON, and ARANT, Circuit Judges.

ARANT, Circuit Judge.

This appeal arises out of a reclamation controversy in connection with a proceeding under § 77B of the National Bankruptcy Act. 11 U.S.C.A. § 207. The debtor's predecessor, to secure a bond issue of $100,000, had executed to the National Bank of Detroit a trust mortgage covering all its real and personal property then owned and thereafter to be acquired. The indenture trustee and the trustee of the debtor's assets under the reorganization proceeding are appellees herein, though the latter filed no pleadings either here or in the court below.

Appellant, the Michael Yundt Company, of Milwaukee, Wisconsin, sold a bottle washer and pasteurizer, under a title-retaining contract dated April 6, 1936, to the debtor, the Voigt-Pros't Brewing Company, of Detroit, Michigan, which had constructed a new building the previous winter. The machinery was brought into the building through an opening about twelve feet square which had been left in one of the walls and which was subsequently bricked up. The contract provided for installment payments totalling $27,900, of which the debtor had paid approximately $9,500 before default.

The District Court denied appellant's petition to restrain appellees from interference with reclamation of the machinery and from the temporary removal essential thereto of a portion of the wall, and also granted the indenture trustee's prayer that a previous order granting appellant's petition for reclamation be vacated. There were no findings of fact or conclusions of law by the Court.

The indenture trustee contends that the contract under which appellant sold the machinery was in law a chattel mortgage, junior to the trust mortgage, but that, in any event, removal is precluded because the freehold would be substantially injured. Appellant, on the other hand, claims that its agreement with the debtor was a conditional sale; that the machinery never became the property of the debtor within the meaning of § 77B and, therefore, is not subject to the indenture mortgage; that it remains personal property subject to reclamation and that making the necessary temporary opening in the wall will result in no substantial injury to the freehold.

If, as contended by appellant, the machinery was sold under a conditional sale contract, it did not become the property of the debtor and is not subject to the reorganization proceeding. In re Lake's Laundry, D.C., 11 F.Supp. 237, affirmed, 2 Cir., 79 F.2d 326, 328, Learned Hand, J., dissenting, certiorari denied, Lake's Laundry v. Braun, 296 U.S. 622, 56 S.Ct. 144, 80 L.Ed. 422; In re Burgemeister Brewing Co., 7 Cir., 84 F.2d 388. But compare 35 Columbia L.Rev. 1305; 49 Harv.L. Rev. 328; 34 Mich.L.Rev. 579.

■ The Supreme Court of Michigan has sharply distinguished between a "pure conditional sale" and an "absolute sale" with reservation of title for security only, holding the latter to be in legal effect a chattel mortgage and the intent of the parties the controlling factor in determining the category into which the agreement falls. Burroughs Adding Machine Co. v. Wieselberg, 230 Mich. 15, 203 N.W. 160; Federal Savings Bank v. Clay Machinery Co., 230 Mich. 33, 38, 203 N.W. 166, 43 A.L.R. 1245.

■ In In re Berghoff Printing Co., 6 Cir., 62 F.2d 493, 494, Judge Moorman stated the test as follows: "Where the instrument specifically reserves title in the seller, the test of this distinction, under the Michigan cases, is whether the seller can retake the goods and then sue for the deficiency in the sale price. If he can do both, the instrument is a mortgage; but, if upon the retaking he can do no more than sue for the rental value of the property or nonperformance of the contract, then it is a conditional sale with title retained in the seller until he elects to sue for the purchase price."

■ The contract in the instant case differs in no material respect from that considered in the Berghoff Case, supra. Both authorized the seller to retake the machinery upon default and accelerate maturity of negotiable notes given for the price, and neither expressly provided that the seller's remedies should be alternative and not cumulative. Both provided that title should remain in the seller until the purchase price was fully paid and that, upon default, the vendor might reclaim the property and retain payments made as damages for breach of the contract. Neither provided for resale of the property and liability of the vendee for any deficiency.

■ An agreement that upon default payments may be retained by the seller as compensation for use of the property or as damages for breach of the contract indicates an intention that reclamation shall terminate all rights of both parties under the contract. Such a clause was recently said by the Supreme Court of Michigan to outweigh a provision in the same contract that the vendor's remedies should be cumulative and not alternative. Mills Novelty Co. v. Morett, 266 Mich. 451, 254 N.W. 163. Whatever the earlier Michigan cases intimated, it is now clear that neither the vendee's execution of a promissory note for the balance due on a chattel, his agreement to pay taxes on it, nor his promise to insure it for the vendor's benefit converts an instrument that in other respects is a conditional sale contract into a chattel mortgage. Federal Commercial & Savings Bank v. International Clay Machinery Co., 230 Mich. 33, 203 N.W. 166, 43 A.L.R. 1245, citing with approval Petition of National Cash Register Co., 6 Cir., 283 F. 742. Nor does a clause accelerating maturity of notes require the conclusion that the instrument is a chattel mortgage. Galion Iron Works & Mfg. Co. v. Service Coal Co., 264 Mich. 298, 249 N. W. 852.

We are of the opinion that the agreement here involved, under the law of Michigan, was a conditional sale.

■ Whether the machinery is a fixture depends largely upon the intention of the parties. Mode of annexation and manner of use, though not conclusive, are frequently of importance in ascertaining intention. Manwaring v. Jenison, 61 Mich. 117, 27 N.W. 899; Aldine Mfg. Co. v. Barnard, 84 Mich. 632, 48 N.W. 280; Morris v. Alexander, 208 Mich. 387, 175 N.W. 264. When personal property is of such nature that it could become a fixture, an intention that it shall remain personalty is clearly indicated by delivery under a conditional sale agreement providing for reclamation upon default. Manwaring v. Jenison, supra; Lansing Iron & Engine Works v. Wilbur, 111 Mich. 413, 69 N.W. 667; Harris v. Hackley, 127 Mich. 46, 86 N.W. 389; Woodliff v. Citizen's Building & Realty Co., 240 Mich. 413, 215 N.W. 343. It is argued that intent does not control if the manner of attachment is such that removal will entail substantial injury to the freehold. Granting this principle arguendo, it is inapplicable here. The evidence shows that the brick panel can be removed and replaced without disturbing the headers across its top or the basic pilasters or otherwise substantially damaging the building. Giraridy, who had brought the machinery in and contracted to remove it, testified that it "just rests on the floor of its own weight." Fisk, who had actually installed it, testified that "The machine rests on the concrete floor by jack-screws resting on plates, * * * There is no bolting of the screws to the floor in any way at all. It rests on the floor with its own weight only." The contention that removal of the machinery

would suspend operations of the brewery is immaterial in determining whether it has become a part of the freehold. Woodliff v. Citizen's Building & Realty Co., supra.

We think it clear that the machinery is not a fixture and that its removal will result in no substantial injury to the freehold.

In First Mortgage Bond Co. v. London, 259 Mich. 688, 244 N.W. 203, 204, the mortgagee brought suit to restrain removal of gas stoves, Murphy wall beds, radiator shields, ice boxes and iceless refrigerator fixtures, all of which were covered in the after-acquired provision of its mortgage which was recorded as a real estate mortgage only. All these articles, though attached, could be removed without damage to the building. The mortgagor had purchased them on a title-retaining contract and sold them to the defendant, who contended that they remained chattels because title to them was not in the owner of the real estate. It was held that, as between mortgagee and purchaser from the mortgagor, the articles were covered by the mortgage, since mortgagee and mortgagor "intended the articles named to be integral and permanent accessions to the building." The Court said, however, that it would be otherwise if the vendor were seeking to reclaim the property.

Such cases as Wilson v. Union Guardian Trust Company, 6 Cir., 88 F.2d 520, and Willis v. Beeler, 6 Cir., 90 F.2d 538, relied upon by the Bank, are also distinguishable. In those cases, the mortgagors intended the machinery to become a permanent accession to the freehold; whereas, in the case at bar, the provision empowering the seller to reclaim the machinery indicates an opposite intention. Moreover, in those cases, the machinery was installed prior to execution of the mortgage so that the mortgagee could reasonably have believed it to be a part of the freehold; whereas, here, the mortgagee could not have taken its security in the belief that the machinery was a part of the real estate, because it had not yet been installed. Compare Harris v. Hackley, supra.

 Appellant is entitled to reclaim the machinery in question without interference from appellees, if adequate security is given that the wall will be promptly and completely restored. Upon reclamation, the debtor's obligation to appellant will be terminated.

The judgment of the District Court is reversed and the cause remanded for entry of a decree in accord with the views expressed in this opinion.