SHAPIRO v. HOFFMAN'S DAIRY CO.

No. 10568.

United States District Court
E. D. Michigan, S. D.

June 7, 1952.

to be regarded as evidencing a title retaining contract or an unrecorded chattel mortgage which would not be effective against a trustee in the bankrupt's estate, owing unpaid claims which matured both prior and subsequent to execution of the questioned documents.

Complaint was filed herein by the trustee in bankruptcy of Richard I. Jones, asking to have an agreement of March 21, 1950, whereby the defendant sold a dairy business to Jones for $67,637.54, payable in installments, declared a chattel mortgage instead of a title retaining contract, void as to creditors because not recorded, and requiring the defendant to pay the value thereof to plaintiff because defendant had illegally seized the property between September 18, 1950 and September 22, 1950, when adjudication of voluntary bankruptcy was made in bankruptcy proceeding number 33031 in this court.

As of March 21, 1950, defendant and Jones signed a series of documents whereby defendant sold to Jones the personalty of a going dairy business, retaining title by way of security until the price was paid, defendant leased to Jones the premises wherein the business was conducted, defendant gave Jones an option to purchase the realty, and, as additional security, Jones assigned to defendant certain equipment and property he had used in a similar business together with some common stock Jones held in a similar corporation, implemented by a power of attorney from Jones authorizing defendant to sell the stock upon any default by Jones in any of his undertakings.

Frazer & Popkin, Detroit, Mich., for plaintiff.

Edward A. Smith, William G. Comb, Detroit, Mich., Edgar G. Gordon, Monroe, Mich., of counsel, for defendant.

LEDERLE, Chief Judge.

This case is presently before the court for determination of a motion for summary judgment of dismissal filed by defendant. The basic issue is whether a series of documents, executed at one time by the defendant in this case and by a person who later became bankrupt, are in legal contemplation

This array of documents whereby defendant agreed to sell personalty to Jones, to lease or sell him realty, and Jones assigned and pledged tangible and intangible personalty to defendant as well as assuming other duties, must be interpreted together as one document in spite of some verbal attempts at segregation expressed therein. This was a one-package transaction and each document incorporates the other by reference, specifically providing that default of Jones under either the sale of personalty agreement, the lease agreement, or the option operates as a default under all documents, giving defendant the

right to reclaim the personalty, retain any payments made as liquidated damages, or, at his option, sue for a deficiency, terminate Jones' rights under the lease and option and sell Jones' pledged capital stock. The contract for sale of the personalty to Jones also provides for accelerating the payments upon default, for interest after default, for Jones to insure the property and that the purported retention of title in the defendant should embrace all of the after acquired property purchased by Jones and used in the business. Default also imposed upon Jones the restriction not to engage in a competing business for a period of five years.

Defendant relies upon cases holding that the provision for some indicia of security to a seller does not necessarily stamp a document as a chattel mortgage rather than a title retaining contract. However, we have found no case where so many evidences of security for performance of so many things were so completely marshalled into one aggregation as appears from this series of documents.

The general rules as to the distinction between a chattel mortgage and a title retaining contract are stated in Burroughs Adding Machine Co. v. Wieselberg, 1925, 230 Mich. 15, 19 and 20, 203 N.W. 160, 162, thus:

"The question turns upon whether an instrument, with rights and remedies thereunder, express or implied or by operation of law, provides security for the unconditional payment of an obligation assumed with reference to chattels. The pure conditional sale gives possession of chattels with the right to ownership upon payment of the agreed price, retaining title in the seller, with right of reclamation in case of default or the alternative of passing the title by suit for the purchase price. The right to retake the property, retain payments made, estimate wear and tear, compute damage, and look to the buyer for deficiency in the agreed price, is consonant only with remedies under instruments providing for security in the nature of a chattel mortgage; for in such a case the security is but an incident of a debt absolutely due from the buyer to the seller. As said in Perkins v. Grobben, 116 Mich. 172, 179, 74 N.W. 469, 472 (39 L.R.A. 815):

" 'The vendor is not entitled to the title and possession of the property, and to be paid for it also.'

"The character of the instrument is to be determined from its terms, from a consideration of rights and remedies stipulated therein or allowed by law as between the parties, and to some extent in the light shed by the circumstances surrounding the transaction. If the seller is not limited to right to retake the property and retain the payments made, but after reclamation may enforce payment of the remainder of the full agreed price, and the instrument is so worded as to permit this to be done, then the courts will recognize the instrument for what it is in fact and law, security in the nature of a chattel mortgage. If the title is retained as security for the payment of the full price, and the obligation to further pay is not abated by a retaking of the property and retention of partial payments, then it is not a pure conditional sale, but an undertaking in the nature of a chattel mortgage. Instruments giving the seller the rights and remedies of a mortgagee against the buyer and chattels the subject of sale, if rights of third persons do not intervene, but so colored as to be employed in support of a claim of conditional sale only, when rights of third persons do intervene, are *ab initio* instruments in the nature of a chattel mortgage.

"If sellers will state in the instruments the limitation of rights and remedies, there will be no difficulty in making classification. It is fair to assume that the seller intends to employ every available remedy open under law, and it is equally fair to adjudicate with such in mind. If the condition relative to title is precedent, and remains so regardless of subsequent events, except right to pass title by suit for the agreed purchase price, it is consonant with a conditional sale. But, if the condition

relative to title is subsequent, to be ruled by events, and remedies are open to enforce payment of the purchase price with the chattel a security, then it is not a conditional sale, but is security in the nature of a chattel mortgage."

■ A further quotation from the authorities seems unnecessary. The questioned documents constitute a chattel mortgage rather than a title retaining contract. See also: ·Hudson **v.** McKale, 1895, 107 Mich. 22, 64 N.W. 727, and First State Savings Bank v. Russell, 1928, 244 Mich. 298, 221 N.W. 142 (contracts included after acquired property); Lynch v. National Acceptance Co., 1951, 329 Mich. 615, 46 N.W. 2d 403 (contract included property other than that then being sold); Mills Novelty Co. v. Morett, 1934, 266 Mich. 451, at page 456, 254 N.W. 163, re-affirming the Michigan rule that taking additional security evidences a security arrangement.

Defendant stresses two main points:

*First*, he argues that the property assigned and pledged by Jones to defendant as part of the initial transaction as well as property after acquired by Jones was not as valuable as claimed by plaintiff. At least, defendant admits to some thousands of dollars valuation. The additional property which marked the contract as a chattel mortgage in Lynch v. National Acceptance Co., supra, had a value of $500 at ·contract date and $325 at trial.

■ *Second*, defendant argues that this court is bound to follow the oft-repeated statement appearing in the questioned documents that the parties intended a title retaining ·contract arrangement. We recognize that the intention of the parties is a prime consideration. In re Voight-Pros't Brewing Co., 6 Cir., 1940, 115 F.2d 733. In fact, that is exactly what is being done, giving effect to the parties' clearly evident security intentions. See annotation in 175 A.L.R. 1395, as to the non-conclusive effect of recitals in contracts as to their character.

■ Having concluded that this is a chattel mortgage, it is not effective against the trustee in bankruptcy, and defendant's

motion for summary judgment must be overruled.

This court cannot, upon the pleadings as they now exist, determine the full extent of mortgaged property received by defendant from the bankrupt immediately preceding institution of the bankruptcy proceeding, nor the value thereof. Consequently, this court will merely overrule defendant's motion for summary judgment of dismissal and provide a mechanism for further proceedings by plaintiff to establish the full extent of his rights against defendant.

Accordingly, it is ordered that defendant's motion for summary judgment of dismissal is hereby overruled, and the parties are directed to appear before this court, at 734 Federal Building, Detroit, on June 23, 1952, at 2 p. m., for a hearing to consider and determine remaining matters within the purview of Rule 16, Rules of Civil Procedure, 28 U.S.C.A., in light of the present determination.