Bacon v. Bonham.

BACON *vs.* BONHAM and others.

| 27 | 209 |
| 56 | 678 |
| 27 | 209 |
| 57 | 242 |

1. A legacy in the hands of an executor upon no trust except to pay it over to the legatee, is not a trust within the meaning of the exception of a trust created by some person other than the debtor himself, and whose transfer to the debtor cannot, therefore, be prevented by proceedings for discovery against him under the supplement of March 20th, 1845, to the chancery act.

2. A legacy expectant is assignable in equity, and such assignment for valuable consideration, without fraud, will be enforced.

3. An assignment by way of mortgage, of a legacy, need not be filed in accordance with the act concerning chattel mortgages. That act does not apply to mortgages of choses in action.

Creditor's bill. On final hearing on pleadings and proofs.

*Mr. W. E. Potter*, for complainant.

*Mr. J. J. Reeves* and *Mr. A. Browning*, for defendant Elisha Bonham.

THE CHANCELLOR.

This is a creditor's bill, filed by John S. Bacon against Belford M. Bonham and Elisha Bonham, in order to subject to the payment of two judgments recovered by the complainant against Belford M. Bonham, the legacy given to him by the will of Jehu Bonham, deceased, late of the county of Cumberland, or so much thereof as may be necessary for the purpose. One of the judgments was recovered in the Circuit Court of Cumberland county on the 17th of March, 1873, for $3004, the real debt being $1480.07. Execution was, shortly after the recovery of this judgment, issued thereon, and $200, or thereabouts, realized out of the sale of the defendant's personal property. His real estate was all sold under execution in foreclosure out of this court. On the 27th of March, the judgment was docketed in the Supreme Court, and on the 18th of June, 1874, an *alias fieri facias* was issued upon it, which was returned wholly unsatisfied, nothing having been made thereon, nor any property found whereon to levy. The other judgment was recovered on the 26th of March, 1875, in the same Circuit Court before mentioned, for $7000 debt, besides costs. The *alias* execution issued on this judgment was for $1211.79 debt, besides costs. That writ was also returned wholly unsatisfied. The bill was filed on the 25th of July, 1875, after the return of those writs. It was filed under the supplement of March 20th, 1845, to the " act respecting the Court of Chancery." *Revision, p.* 76. That act provides for the filing of a bill to compel the discovery of any property or thing in action belonging to the defendant in the judgment, and of any property, money or thing in action due to him or held in trust for him, except such property as is reserved by law, and to prevent the transfer of any property, money, or thing in action, or the payment or delivery thereof to the defendant, except where such trust has been created by, or the fund so held in trust has proceeded from, some person other than the debtor himself. The testator died on the 25th of March, 1875. By the will, which is dated December 16th, 1869, he directed that his real and personal property, except

so much of his household furniture as might be selected by his wife for her use, be sold by his executor, and the proceeds of sale invested. He made provision for his wife out of the interest of the investment, and directed that after her death the principal, with its accumulations, be divided, one-third thereof to go to his half-brother, Belford M. Bonham. The widow of the testator is dead. The defendants' counsel objects that it appears by the bill that the property sought to be reached is held in trust for the defendant Belford M. Bonham, under a trust not created by nor proceeding from him, but created by the will of Jehu Bonham, and insists that therefore the bill must be dismissed. The objection is not well taken. A legacy in the hands of an executor upon no trust except to pay it over to the legatee, is not within the exception of the act.

The case shows that, after making his will, Jehu Bonham became insane, and was, on inquisition, declared to be a lunatic, and the defendant Elisha Bonham was duly appointed his guardian. From the will which thus came to his hands, the latter became acquainted with the disposition which the testator had made of his property, and consequently with the provision made for Belford. Belford also knew of that provision. The will appointed Elisha sole executor. On the 27th of March, 1874, about one year before the death of the testator, Belford being indebted to Elisha in the sum of $2000, besides interest, executed, together with his wife and children, who joined in the instrument, for Elisha's greater security, an assignment to the latter of the legacy to Belford to the extent of $2000 and interest, as security for the payment of that debt. Elisha advanced the money, which constituted the debt to Belford, with the understanding that it was to be re-paid to him out of the legacy. The bill alleges no fraud, nor is there evidence of any. The complainant's counsel insists that no title passed by the assignment, because the subject of it was not only a mere expectancy, but one of that character which it is against the policy of the law to permit the expectant to transfer. Contingent interests and expectancies may not only

be assigned in equity, but they may also be the subject of a contract, such as a contract of sale, when made for a valuable consideration, which courts of equity, after the event has happened, will enforce. *Story's Eq. Jur.*, § 1040 *c.; Fonblanque's Eq.* 216; *Smithurst* v. *Edmunds,* 1 *McCarter* 408; *Langton* v. *Horton,* 1 *Hare* 549. In equity, such expectancies as that in question are the subject of transfer. *Beckley* v. *Newland,* 2 *P. Will.* 182; *Hobson* v. *Trevor, Id.* 191; 2 *Spence's Eq. Jur.* 852, 853, 854, 865.; *Stover* v. *Eccleshimer,* 46 *Barb.* 84; *Field* v. *Mayor of New York,* 2 *Seld.* 179.; *Bennett* v. *Cooper,* 9 *Beav.* 252; *Story's Eq. Jur.,* § 1040 *c.; Snell's Prin. of Eq.* 74. The last-mentioned writer says: " A mere expectancy, therefore, as that of an heir-at-law to the estate of an ancestor, or the interest which a person may take under the will of another then living, non-existing property to be acquired at a future time, as the future cargo of a ship, is assignable in equity for valuable consideration, and, where the expectancy has fallen into possession, the assignment will be enforced." In *Cook* v. *Field,* 15 *Q. B.* 460, it was held that a promise to assign a mere expectancy—a devise expected by the assignor—was a sufficient consideration to support a promise to pay for it. The transaction between Elisha and Belford appears to have been in all respects fair. Moreover, Elisha is in possession of the subject of the mortgage, and his equitable title is perfected.

It is urged, also, that the assignment by way of mortgage to Elisha, being of a chattel interest, and not having been filed in accordance with the provisions of the " act concerning mortgages," (*Revision* 485, *pl.* 39,) is of no validity against the complainant. But the act does not apply to mortgages of choses in action. *Williamson* v. *N. J. Southern R. R. Co.,* 11 *C. E. Green* 398.

It appears from the evidence that the share given by the will to Belford M. Bonham will not amount to enough to pay off the debt due to Elisha, to secure which it was assigned, and no other property has been discovered. The bill, therefore, must be dismissed, with costs.