## ENTERPRISE OPTICAL MFG. CO. v. TIMMER.
### No. 6463.

Circuit Court of Appeals, Sixth Circuit.
June 5, 1934.

Robert J. Spahr, of Chicago, Ill., for appellant.

Francis L. Williams, of Grand Rapids, Mich., for appellee.

Before HICKS, SIMONS, and ALLEN, Circuit Judges.

SIMONS, Circuit Judge.

The single issue to be decided is whether a title retaining contract executed in Illinois on a chattel having its situs in Michigan at and before the vendee's bankruptcy preserves a valid lien against the vendee's trustee though unrecorded, when like contracts are required to be recorded in Michigan, but not in Illinois.

The appellant is the lien claimant. By contract, concluded on February 17, 1931, in Chicago, it sold a motion picture sound projection equipment to the bankrupt for installation in his theater at Buchanan, Mich., but to be delivered f. o. b. the claimant's factory in Chicago. By the terms of the contract title was to remain in the vendor until "any judgment rendered therefor shall be paid in full." The vendee covenanted not to remove the property from his Princess Theatre until it was paid for, and the vendor agreed to furnish the services of its sound engineer in an advisory capacity for a period of one week while the equipment was being installed.

It is agreed on both sides that the rights reserved by the contract to the vendor are cumulative, and that the contract is a chattel mortgage under the law of Michigan. Nelson v. Viergiver, 230 Mich. 38, 203 N. W. 164; Burroughs Adding Machine Company v. Wieselberg, 230 Mich. 15, 203 N. W. 160; In re Berghoff Printing Company, 62 F.(2d) 493 (C. C. A. 6). It is the claimant's contention, however, that the contract, having been completed in Illinois, is to be interpreted by the law of that state; that, since the Illinois statute does not require contracts of this character to be recorded, and the Illinois courts construe them as conditional sale contracts, the failure to record the agreement in Michigan does not deprive the claimant of its lien as against the vendee's trustee, since Michigan does not require recordation of conditional sale contracts.

Though disputed, we may concede for purpose of decision that the contract is a conditional sale contract and not a chattel mortgage under Illinois law, and is not in that state required to be recorded. Smith-Hurd Rev. St. Ill. 1929, c. 121½, § 20, Cahill's Rev. St. Ill. 1929, c. 121a, par. 23.

As demonstrative, however, of the rule in Michigan with respect to secret liens, it was early held that, in respect to chattels mortgaged in a foreign state, but brought into Michigan without the consent of the mortgagee, the mortgagee could not prevail as against bona fide purchasers or attaching creditors. Recordation elsewhere was of no avail. Boydson v. Goodrich, 49 Mich. 65, 12 N. W. 913; Corbett v. Littlefield, 84 Mich. 30, 47 N. W. 581, 11 L. R. A. 95, 22 Am. St. Rep. 681.

The extent to which the courts of one state will be bound by rules of comity to enforce contracts made in another was considered by Chief Justice Marshall in Harrison v. Sterry, 5 Cranch, 289, 298, 3 L. Ed. 104, where it was said: "The law of the place where a contract is made is, generally speaking, the law of the contract; i. e. it is the law by which the contract is expounded. But the right of priority forms no part of the contract itself. It is extrinsic, and is rather a personal privilege dependent on the law of the place where the property lies, and where the court sits which is to decide the cause." This is also the law of Michigan. Corbett v. Littlefield, supra, The comment of the Circuit Court of Appeals for the Eighth Circuit in E. C. Warner Company v. W. B. Foshay Co., 57 F.(2d) 656, 664, is likewise pertinent to the present issue: "It would be an anomalous situation, indeed, if the rule of comity should go so far as to require the enforcement of a contract in favor of a nonresident doing business within a state that the courts of that state would not enforce in favor of one of its own citizens."

Aside from these general considerations, it is specifically established by the decisions of this court that, where the parties to a contract such as is here involved contemplate that the property is to go at once, and before any use by the vendee, into another state, and there remain quasi permanently, the law of the situs thus given to the property will control the application of a recording statute. Potter Manufacturing Co. v. Arthur (C. C. A.) 220 F. 843, Ann. Cas. 1916A, 1268; Title Guaranty Company v. Witmire (C. C. A.) 195 F. 41. In the first of these cases we concluded that, even if the question were open in this court, we should still be ruled, and to the same result, by Hervey v. Locomotive Works, 93 U. S. 664, 23 L. Ed. 1003.

The fallacy in the appellant's contention is that it confuses the label with the goods, and nomenclature with substance. Michigan does not require the recording of conditional sales contracts, but its courts do not include within the definition of conditional sales con-

tracts those in which two cumulative and inconsistent remedies, i. e., the retention of title and the collection of the debt by judgment, are reserved. The claimant's contention is that, because the Illinois courts designate agreements such as are here involved conditional sales contracts, it necessarily follows that the contract is such in Michigan—clearly a non sequitur.

The order below is affirmed.