The question is whether the petitioner Ampere Bank and Trust Company, has a lien which is valid as against the receiver of the defendant insolvent corporation. *Page 449 
On May 19th, 1941, the defendant borrowed from the Bank $4,250 on its demand note. The note recites:
"Having deposited with said Bank as collateral security * * * the following property which the undersigned hereby assigns and transfers to said Bank, viz., 5,097 pounds 24 ga. No. 2b finish, stainless steel at .6346 per pound, 1,706 pounds 26 ga. No. 4 finish, stainless steel at .8846 per pound."
At the time the note was made and the money loaned, the defendant did not own the steel, but had arranged to buy it from a third party, Stangard-Dickerson Corporation. On May 22d, defendant took title and possession of the steel and immediately moved it to a public warehouse, where it was deposited in the name and for the account of the Bank. Thereafter, whenever defendant needed steel in its business, it paid part of the debt and the Bank instructed the warehouseman to surrender a proportionate part of the metal to defendant. But the greater part of the steel was still in the warehouse when the defendant became insolvent and the receiver was appointed.
The receiver contends that the promissory note operated as a chattel mortgage, the lien of which is void as against the creditors of the defendant whom he represents, since the mortgage was not accompanied by an immediate delivery of the chattels and was not recorded. R.S. 46:28-5. Let us accept the receiver's view that, because of the phrase "assigns and transfers," the instrument should be considered a mortgage — or an agreement to mortgage.
The general rule is, that a person cannot transfer or mortgage property to which he has no title. It is certain that until May 22d when Stangard-Dickerson passed title in the steel to defendant, the steel was not encumbered by any lien arising from the document which defendant had executed three days earlier. An instrument in the form of a mortgage on property which the mortgagor does not own and in which he has no interest, is considered an executory agreement to give a lien which becomes effective as a mortgage as soon as the property comes into the ownership of the mortgagor. Not until then is the instrument actually a *Page 450 
mortgage. Smithurst v. Edmunds, 14 N.J. Eq. 408; Bacon v.Bonham, 27 N.J. Eq. 209; 33 N.J. Eq. 614; Dunn v. Hastings,54 N.J. Eq. 503; Cumberland National Bank v. Baker, 57 N.J. Eq. 231; Fidelity Trust Co. v. Staten Island Clay Co., 70 N.J. Eq. 550.
When the metal was taken to the warehouse, it was deposited to the account of, and subject to the control of, the Bank. This constituted a delivery to the Bank. It occurred the same day that the promissory note came into operation as a mortgage; it was an immediate delivery within the meaning of the statute.
The problem might be approached from a somewhat different angle. Immediate change of possession or immediate recording means as soon as may be, by reasonable diligence and despatch under the circumstances of the case. Roe v. Meding, 53 N.J. Eq. 350; Brockhurst v. Cox, 71 N.J. Eq. 703. Defendant could not deliver possession to the Bank until it took title itself. A delivery of possession as soon as it acquired title, fulfilled the requirements of the statute. Other similar transactions between the parties produce the same legal result. The lien of the Bank is valid.