Philip A. BROWN, as Trustee in Bankruptcy of the Estate of Theodore Frederick Schulz, Bankrupt, Plaintiff-Appellant,

v.

UNIVERSAL C.I.T. CREDIT CORPORATION, an Indiana Corporation, Defendant-Appellee.

No. 14380.

United States Court of Appeals Seventh Circuit.

April 15, 1964.

Carroll V. Williams, Gore & Williams, Benton Harbor, Mich., R. Wyatt Mick, Jr., Mishawaka, Ind., Edward Yampolsky, Benton Harbor, Mich., for plaintiff and appellant.

Isadore D. Rosenfeld, South Bend, Ind., Robert S. Currey, Mishawaka, Ind., for defendant appellee.

Before SCHNACKENBERG, KILEY and SWYGERT, Circuit Judges.

KILEY, Circuit Judge.

Plaintiff-trustee brought this reclamation suit to recover a chattel repossessed from his bankrupt by defendant. The district court dismissed the complaint on the ground that it failed to state a claim upon which relief could be granted. Rule 12(b) (6), Fed.R.Civ.P. We think the court erred.

The South Bend Truck Company, defendant's assignor, sold the chattel to Theodore Schulz under an Indiana conditional sales contract, executed in Indiana. The contract showed Schulz' post office address was New Buffalo, Michigan. Schulz defaulted in payments, and the chattel was repossessed by defendant. Schulz later filed a voluntary petition in bankruptcy in the United States District Court for the Western District of Michigan, Southern Division, and plaintiff was appointed trustee. Plaintiff brought this suit to recover the chattel or its value on behalf of Schulz' creditors who had extended credit to him while the chattel was in his possession.[1]

The ultimate issue on this appeal is whether Indiana or Michigan law should be applied to determine the validity of defendant's lien as against Schulz' creditors. The district court decided that Indiana law applied, under which the contract would be construed as a conditional sales contract, not required to be recorded either in Indiana or Michigan to preserve defendant's lien.

It is our opinion that the trial court erroneously applied the general rule that "the law of the place where a contract is made or entered into governs with respect to its nature, validity, obligation, and interpretation." 15 C.J.S. Conflict of Laws § 11b. The error was due to the trial court's failure to accept as true the allegations of fact made,[2] which, if proven, would justify the inference that the defendant's assignor knew that Schulz was taking the chattel immediately to Michigan, and consented thereto. On that inference it is our opinion that the law of Michigan applies to render the contract a chattel mortgage, and that by failing to record the contract in Michigan vendor lost his lien.[3]

Our opinion is based on the decision in Enterprise Optical Mfg. Co. v. Timmer, 71 F.2d 295 (6th Cir. 1934), founded on the broad rule in Michigan against "secret liens"[4] and the rule "specifically

---

1. Plaintiff, as trustee, stands in the same position as bankrupt's creditors in determining the validity of defendant's repossession of the chattel. 52 Stat. 879 (1938), 11 U.S.C. § 110, sub. e (1) (1953).

2. "[A] complaint should not be dismissed for insufficiency *unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim.*" 2 Moore, Federal Practice ¶ 12.08 at 2245. [Emphasis in original.]

3. The problem raised in this case is obviated by Article 9 of the Uniform Commercial Code. See especially § 9–103(3). Both Indiana and Michigan have adopted the Uniform Commercial Code, effective July 1, 1964 in Indiana and January 1, 1964 in Michigan, Laws Ind. 1963, c. 317, Laws Mich., 1962, No. 174. Cf. In re Mohammed, 327 F.2d 616, 618 (6th Cir. 1964).

4. The court found the Michigan rule against "secret liens" in Boydson v. Goodrich, 49 Mich. 65, 12 N.W. 913 (1882), and Corbett v. Littlefield, 84 Mich. 30, 47 N.W. 581, 11 L.R.A. 95 (1890), where mortgagees' liens were lost even though the chattels were brought in-

established" by the decisions of the Sixth Circuit [5] that

> "where the parties to a contract \* \* \* contemplate that the property is to go at once, and before any use by the vendee, into another state, and there remain quasi permanently, the law of the situs thus given to the property will control the application of a recording statute." 71 F.2d at 296.

In Enterprise the contract for the sale of goods was completed in Illinois and the goods were delivered f. o. b. vendor's factory in Chicago, to be shipped to Michigan for use there.[6] It was conceded, as here, that under the law of Michigan the contract would be construed as a chattel mortgage. There, as here, vendor argued that the law of the place where the contract was completed controls the interpretation of the contract. Thus, it argued, under Illinois law the contract would be a conditional sales contract, not required to be recorded either in Illinois or Michigan to preserve the lien. The court dismissed the vendor's argument as "confus[ing] \* \* \* nomenclature with substance." The court noted with approval a statement from Potter Mfg. Co. v. Arthur, 220 F. 843, 845 (6th Cir. 1915), that even "if the question were open \* \* \* it would be ruled, and with the same result, by Hervey v. Locomotive Works, 93 U.S. 664, 671 [23 L.Ed. 1003] (1876)."

Defendant argues that In re Steen, 257 F.2d 297 (7th Cir. 1958), In re Princeton Rubber Co., 272 F.2d 197 (7th Cir. 1959), and Cook & Sons Equipment, Inc. v. Killen, 277 F.2d 607 (9th Cir. 1960), support his contention that the law of Indiana, the place of delivery, governs whether or not the contract must be recorded to preserve the vendor's lien. The cases are distinguishable.

Cook did not involve third parties to the contract, but involved the vendor and a purchaser from vendee, who took with notice of vendor's lien. The reason for the decision in Princeton was that the fundamental purpose of notice to vendee's creditors was met by vendor's possession in Ohio and New Jersey until delivery in Illinois where the contract was recorded.

In Steen this court held that the vendor's assignee's lien was not good as against creditors of the vendee in Illinois, because the contract was not recorded in Texas where the chattels were located when the contract was made and where they were delivered to vendee. In the case before us the vendor's lien was good in Indiana, the state of delivery, although it was not recorded. The question here, not reached in Steen, is whether the lien was lost as against third parties to the contract when the vendee, with vendor's knowledge, took the goods from Indiana to Michigan, and the vendor did not record the contract in Michigan as required.

to Michigan *without the knowledge or consent of the mortgagees.*

Later an equally divided court in Metro-Plan, Inc. v. Kotcher-Turner, Inc., 296 Mich. 400, 296 N.W. 304 (1941), sustained a mortgagee's lien where the chattel was brought into Michigan without his knowledge or consent. In response to the dissent in Metro-Plan, the Michigan recording statute was amended to exclude from its provisions goods brought into Michigan "without the written consent of the mortgagee or the then holder of such mortgage or conveyance." Mich.Rev.Stat.Ann. § 26.929 [1] (1953), Pub.Acts 1941, No. 181. See Commerce Acceptance Co. v. Denton, 357 Mich. 394, 98 N.W.2d 633, 635.

Neither Metro-Plan nor the statute alters the Michigan rule against "secret liens" in a case like that before us— where the goods are taken into Michigan *with the knowledge and consent of the mortgagee.*

5. Potter Mfg. Co. v. Arthur, 220 F. 843 (6th Cir. 1915), and Title Guar. & Sur. Co. v. Witmire, 194 F. 41 (6th Cir. 1912).

6. In the case at bar the driving of the truck from South Bend to Michigan did not constitute "use" in Indiana in the sense of the Sixth Circuit rule—use for the purpose for which the chattel was intended.

The reason for recording statutes is to give notice to creditors of the vendor's lien. In re Princeton Rubber Co., 272 F.2d 197, 199 (7th Cir. 1959). When defendant made the contract knowing the chattel was to go to Michigan, he submitted the contract to Michigan law, was charged with knowledge of that law,[7] and was required to record the contract there to preserve his lien against claims of creditors who depend on the vendee's indicia of title.

Reversed and remanded for further proceedings.

SCHNACKENBERG, Circuit Judge (concurring).

I concur in the result reached, but I feel it necessary to state my view that it is the right of the district court, on remand, to try such issues as may be raised by defendant's answer without being influenced by this court's inferences, based entirely on the complaint, or the rule of the Court of Appeals of another circuit.

The argument in plaintiff's brief, upon which this court's opinion is based, avers that Schulz gave to the truck seller as his address: Box 614, New Buffalo, Michigan. Whether this is a box in a post office or a rural mail box does not appear. Whether it marked a residence, a place of business or a garage, the record does not reveal. We are not entitled to infer from this vague reference to a Michigan address that this was the place to which the chattel "would be taken immediately". Further there is no showing here as there was in Enterprise Optical Mfg. Co. v. Timmer, 6 Cir., 71 F.2d 295 (1934), relied on by the majority, that the parties to the contract contemplated that the property was to go and remain in a state other than Indiana—the place where the contract was made and was to be performed.

Plaintiff's brief in this court states that the truck was built for long interstate hauling. It contends that the "vendor * * * *must have understood* that the truck would be returned to New Buffalo, Michigan, *when not in use,* * *"*. (Emphasis supplied.) Whether defendant must have understood what seems so clear to plaintiff's counsel was an inference which the district court is not required to draw.

This case now goes to the district court, which is the trier of the facts, and which should first determine this issue.

---

7. Including knowledge that the cumulative rights retained by the vendor under his contract—retention of title, and the reservation of the right to collect judgment by debt—brought the contract with-

in the Michigan recording statute. Lynch v. National Acceptance Co., 329 Mich. 615, 46 N.W.2d 403 (1951), Burroughs Adding Mach. Co. v. Wieselberg, 230 Mich. 15, 203 N.W. 160 (1925).